13-945-cv
Pineboard Holdings v. Parmar

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand fourteen.

PRESENT: ROBERT A. KATZMANN,
                *Chief Judge,*
             RICHARD C. WESLEY,
             RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

-----------------------------------------------------------------

PINEBOARD HOLDINGS, INC.,

                 *Plaintiff-Appellee,*

             v.                        No. 13-945-cv

PAUL PARMAR,

                 *Interested Party-Appellant.*[*]

-----------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANT:     David C. Burger, Robinson Brog Leinwand Greene Genovese & Gluck, P.C., New York, NY.

FOR APPELLEE:      Stephen Z. Starr, Starr & Starr, PLLC, New York, NY and Alex M. Weingarten, Weingarten Brown LLP, Los Angeles, CA.

Appeal from an order of the United States District Court for the Southern District of New York (Kimba M. Wood, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal is DISMISSED for lack of appellate jurisdiction.

Interested party-appellant Paul Parmar appeals from the District Court's order compelling a non-party, Paul Niehaus, to comply with a subpoena. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to dismiss.

Pineboard Holdings, Inc., a party to ongoing litigation in the Central District of California, moved to compel Niehaus to comply with a subpoena issued in connection with the California litigation. The subpoena seeks deposition testimony and documents regarding a meeting between Niehaus and Parmar. Parmar opposed the motion to compel on the grounds that Niehaus is his former attorney and that the subpoenaed material is protected by the attorney-client privilege. In March 2013 the District Court issued an order compelling Niehaus to comply with the subpoena. Shortly thereafter, Niehaus complied with the order by testifying in a deposition and producing documents. On appeal, Parmar urges us to reverse the District Court's order compelling compliance with the subpoena.

"Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject

matter jurisdiction sua sponte." Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). "The general rule is that orders enforcing subpoenas issued in connection with civil and criminal actions, or grand jury proceedings, are not final, and therefore not appealable." United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 468 (2d Cir. 1996). "To obtain appellate review, the subpoenaed party must defy the district court's enforcement order, be held in contempt, and then appeal the contempt order, which is regarded as final under § 1291." Id. at 469. Because Niehaus complied with rather than defied the District Court's order, this appeal must fall within an exception to the general rule in order for us to have jurisdiction. Two possible exceptions, the Perlman doctrine and the collateral order doctrine, do not apply under the circumstances of this case.

Under the Perlman doctrine, "the holder of an asserted privilege may immediately appeal the enforcement of a subpoena when the subpoena is directed at another person who does not object to providing the testimony or documents at issue." In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001, 490 F.3d 99, 106 (2d Cir. 2007). "The theory of immediate appealability in these cases is that the third party will not be expected to risk a contempt citation and will surrender the documents sought, thereby letting the 'cat out of the bag' and precluding effective appellate review at a later stage." In re Katz, 623 F.2d 122, 124 (2d Cir. 1980). Here, Parmar did not move for a stay, Niehaus complied with the subpoena, and the "cat" is already out of the bag. Accordingly, Parmar's interest in remedying the allegedly improper disclosure of privileged material is not enough to trigger the Perlman exception. See United States v. Lavender, 583 F.2d 630, 633 (2d Cir. 1978) (declining to apply Perlman exception where third party already had complied with subpoena); see also 15B Charles Alan Wright et al., Federal Practice & Procedure § 3914.23 (2d ed. 1992) ("If the harm threatened

3

by the order . . . has been done, there is no sufficient interest remaining to support appeal.").

A second possible exception, the collateral order doctrine, permits immediate review if, among other requirements, an order would "be effectively unreviewable on appeal from a final judgment." Will v. Hallock, 546 U.S. 345, 349 (2006) (quotation marks omitted). Under this doctrine, we have assumed jurisdiction over orders denying discovery where, as here, the ancillary discovery proceeding and the principal action are in different Circuits. Accord Stolt-Nielsen SA v. Celanese AG, 430 F.3d 567, 574 n.5 (2d Cir. 2005). However, we have refrained from extending the exception to orders that, like the order on appeal, grant discovery. See Republic Gear Co. v. Borg-Warner Corp., 381 F.2d 551, 554 (2d Cir. 1967) (collecting cases).

We are aware of no other exception that provides us with appellate jurisdiction in this case. For the foregoing reasons, this appeal is DISMISSED for lack of appellate jurisdiction.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

4